## Grierson Estate

Argued April 10, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

**422**

*Ella Graubart,* with her *Patterson, Crawford, Arensberg & Dunn,* for appellant.

*Edward J. I. Gannon,* with him *Hazlett, Gannon & Walter,* for appellee.

OPINION BY ARNOLD, J., July 19, 1946:

Elvira Grierson died testate. In the audit of the account a creditor's claim was presented on behalf of Hannah Poultney Bartley by the latter's administrator. The claim was allowed by the orphans' court, exhausting the fund for distribution. Helen Harper, a legatee, appealed.

Hannah Poultney in 1900, when ten years old, was taken into the home of Elvira Grierson, a boarding-house keeper. She worked there until she married James Bartley in March, 1923. Hannah Poultney Bartley predeceased Elvira Grierson.

At the instant audit claimant produced a paper: "Dec. 28, 1916. I aggree [sic] to pay my foster daughter Hannah the sum of $1.00 a day for each and every day she stays and works for me this will be paid at my death and begins at her 21st Birthday. signed Mrs. Elvira Grierson." There was testimony of lay and expert witnesses that the signature of Elvira Grierson was genuine; there was evidence of declarations by the decedent that some such paper had been made by decedent. The paper itself was allegedly written by Hannah Poultney and then signed by decedent. Even though the proponent's evidence is vigorously challenged by appellant, who points to counter evidence of forgery, the question was for the triers of the facts. There was plenty of competent evidence to sustain the court's findings that the signature was genuine: *Young Estate,* 347 Pa. 457, 32 A. 2d 901.

The paper was not testamentary but a contract. It was supported by adequate consideration,—her work for thirteen years. The debt, by its terms, was not to be paid until the debtor died, and therefore no question of the Statute of Limitations can arise. It was not uncertain as to terms. On the contrary by it Mrs. Grierson promised to pay Hannah Poultney from her twenty-first birthday one dollar for each day she worked for the promisor. There was sufficient proof of the number of days so worked, which greatly exceeded the number of dollars for distribution.

The case was carefully tried by Judge BOYLE, the auditing judge, and his opinion for the court en banc correctly disposed of every contention of appellant.

The decree of the court below is affirmed at appellant's costs.